# WILSON *v.* THE FIRST NATIONAL BANK OF CHEYENNE.

NATIONAL BANK STOCKHOLDER.—The stockholder of a national bank has legal capacity to sue such corporation for misappropriation of the stockholder's funds, and for other causes.

IDEM.—A corporation being a legal entity, as such, distinct from its members, incorporators, or stockholders, it follows that each or all of them may have grievances redressed by actions at law or proceedings in chancery, as any creditor not occupying that relation.

ERROR to the District Court for Laramie County.

This action was brought upon a petition containing the following allegations: 1. That the defendant was a corporation duly organized under the general banking act of congress and acts amendatory thereof; 2. That on February 21, 1871, at Cheyenne, the plaintiff delivered to the defendant five thousand dollars; 3. That in consideration thereof said defendant agreed with and promised plaintiff to appropriate the same to the payment of fifty per centum of one hundred shares of the capital stock of the said First National Bank of Cheyenne, for which said plaintiff had therefore subscribed as one of the shareholders of said banking corporation; 4. That the defendant failed to perform such agreement and diverted said five thousand dollars to other purposes, to plaintiff's damage of four thousand dollars, to recover which this action was brought.

To said complaint the defendant filed a demurrer, stating the following grounds: 1. That the plaintiff had not the legal capacity to sue; 2. That the petition did not state facts sufficient to constitute a cause of action.

Which demurrer was sustained by the district court of the first judicial district, at the November term, 1872, the cause now coming to this court on plaintiff's petition in error.

*E. P. Johnson,* for plaintiff in error.

The errors assigned are: 1. That the court erred in sus-

taining the demurrer; 2. That the court erred in giving judgment against the plaintiff.   Plaintiff claims:

I. That a corporation is a person in law with the same rights to sue and be sued as other persons, and stands on an equal footing with them, in respect to liability to respond in a civil action for damages for breach of contracts, and the commission of torts.   The above proposition is considered fundamental and too well established to require the support of authorities.

II. That the act creating the defendant in this case, or under which it is organized, confers upon it no immunities and charges it with no liabilities other or greater than those recognized in the law generally applicable to corporations, although it does increase the liability of stockholders.

III. The corporation being a legal entry, as such distinct from its members, incorporators or stockholders, it follows that each or all of them may have grievances redressed by actions at law, or proceedings in chancery, as any creditor not occupying that relation:   Angell and Ames on Corp. 413; *Smith* v. *Poor*, 40 Maine, 415; *French* v. *Fuller*, 23 Pick. 108; *Wilson* v. *Rogers*, Sup. Ct. Wyoming.

IV. While the banking act requires a portion of the capital stock to be paid in before it commences business, yet before such payment the bank is fully organized and in existence as a person in law, and as such it possessed no power to compel Wilson to pay his assessment, nor was Wilson under any legal obligation to do so he might have refused to pay, and refused thereby to become a stockholder, and the bank would have been compelled to sell the stock to other parties at public auction.   The payment by Wilson was therefore a sufficient consideration to support the contract in reference to the appropriation of the money.   As it must be conceded that if the bank has any power over its own property it can contract with reference to the same.

V. Rights of action by or against a bank, are not incidents or appurtenances of the stock, and in no case would such rights of action for breach of contract or the right of a

stockholder to receive damages therefor pass to another purchasing the stock.

VI. The question as to whether plaintiff was allowed to control his stock, and how or in what manner damages arose by reason of the alleged breach of contract are not pertinent to the issue in this case. So also the question as to whether a depositor must make demand before bringing suit.

*W. R. Steele,* for the defendant in error, contended for the points raised in defendant's demurrer.

By the COURT. There are but two questions to be considered in this case, and, as with all questions of demurrer, facts outside of the pleading cannot be regarded. We are of the opinion, in the first instance, that the fact of the plaintiff having subscribed to the capital stock of the First National Bank, defendant, did not debar him from bringing an action against the same for breach of contract, and that a stockholder certainly has the rights of action against a corporation that are possessed by a corporation against any of its stockholders; 2. We believe that the allegations contained in the plaintiff's petition are sufficient, if proved, to entitle said plaintiff to recover thereon.

The judgment of the court below is therefore reversed, with costs against the defendant, and twenty days are given defendant, from the filing of this opinion, to answer in the district court.

FISHER, C. J., dissenting: The opinion filed by the majority of this court, although styled *per curiam*, is so remarkable in its character that I cannot permit it to pass into the future without entering my solemn protest. I cannot permit its paternity to rest at my door, and therefore, without taking time to enlarge upon what I conceive to be its errors, simply give a very few reasons for dissenting. There are several reasons why the action of the district court, in sustaining the demurrer to plaintiff's petition, should have been affirmed:

1. The petition does not set out the fact, if it be a fact, that the plaintiff was a stockholder at the time he brought his suit. If he was not, he had no cause of action, or, rather, he had not the legal capacity to sue. In the argument upon the demurrer, it was admitted that the stock referred to had been set aside to him, and became his property in accordance with the terms upon which he had paid over the money, that he had shortly afterwards sold the shares of stock thus purchased, and in so doing he transferred all the right thereto to the person to whom the stock was transferred.

2. The national banking law provides specific remedies for persons who have sustained losses by any national bank, hence he must seek his remedy in the manner thus provided.

3. If the plaintiff had sustained any loss by the misappropriation of his funds his remedy would lie against the directors, through whom the loss occurred, in their private capacity, and not against the bank, or even against the directors in their official position: See Muse on Banking, 450–452.

If this last position is correct, and I do not see how it can be successfully controverted, then the plaintiff had brought his action wrongfully, and the demurrer should have been and was properly sustained. One of the judges who rendered the opinion of the majority of the court admitted, during the argument, and announced his opinion accompanying the decision, that from his knowledge of the facts the plaintiff could not recover, not having the right of action, nevertheless he united with the other judge in reversing the action of the district court. To me this does not look consistent.

I content myself with entering upon the record this dissenting opinion, trusting to the future either to be sustained or not, as the case may be.